(January 27, 1896.)

# FIRST NATIONAL BANK OF WAMEGO, KANSAS, v. SKINNER.

### [43 Pac. 679.]

PURCHASE OF PROMISSORY NOTE—EVIDENCE INSUFFICIENT TO ESTABLISH FRAUD.—Evidence examined and held not to sustain charge of fraud, or that plaintiff was not an innocent purchaser for value.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

R. S. Spence, for Appellant.

The evidence shows that the plaintiff is the owner and holder of the notes sued upon, that it purchased the same in good faith for a valuable consideration, before maturity and in the ordinary course of business, that the plaintiff had no notice, actual or constructive, of any fraud perpetrated upon the defendants either by the payee of the note or his agents. This is all the law requires plaintiff to do. (Daniels on Negotiable Instruments, 3d ed., secs. 166, 769a, 770; *Meadowcraft v. Walsh*, 15 Mont. 544, 39 Pac. 914, and cases there cited; *National Revere Bank v. Morse*, 163 Mass. 383, 40 N. E. 180.) The plaintiff's right to recover can only be defeated by showing that he had actual notice of the facts which impeach the

validity of the paper. (*Clark v. Evans,* 66 Fed. 263; *King v. Doane,* 139 U. S. 166, 11 Sup. Ct. Rep. 465.)

John A. Bagley and E. E. Chalmers, for Respondents.

There is no pretense made against the position that these notes and mortgage were without consideration and had their inception in the grossest of fraud. Plaintiff says it has "nothing whatever to do with the question of fraud." But such fraud was proven, and upon the introduction of evidence the burden of proof shifted to plaintiff to show by a preponderance of evidence that it was an innocent holder for value, in good faith, before maturity, without notice of the fraud, and in the due course of business. (Daniels on Negotiable Instruments, 166, 769, 769a, 770, 810, 815, 876; *Munroe v. Cooper,* 5 Pick. 412; *Jordan v. Grover,* 33 Pac. 889, 99 Cal. 194; *Joy v. Diefendorf,* 130 N. Y. 6, 27 Am. St. Rep. 484, 28 N. E. 602; *Merchants' Nat. Bank v. Haverhill Iron Works,* 159 Mass. 158, 34 N. E. 93; *Fawcett v. Powell,* 43 Neb. 437, 61 N. W. 586; *Vosburgh v. Diefendorf,* 119 N. Y. 357, 16 Am. St. Rep. 836, 23 N. E. 801; *Thamling v. Duffey,* 14 Mont. 567, 43 Am. St. Rep. 658, 37 Pac. 363; *Smith v. Sac Co.,* 11 Wall. 39, 20 L. ed. 102; *Stewart v. Langsing,* 104 U. S. 505, 26 L. ed. 866.) The testimony of officers of a bank alone is not sufficient to take the question of *bona fides* from the jury. There questions of *bona fides* and fraud were properly submitted to the jury, who duly made their findings thereon, and such findings will not be disturbed or even reviewed by this court. (*Bell v. Rankin,* 1 Kan. App. 209, 40 Pac. 1094.)

HUSTON, J.—This action is brought to collect the amount claimed to be due upon a certain promissory note executed by defendants, and the foreclosure of a mortgage given to secure payment of said notes. The case was tried to a jury, and verdict rendered in favor of defendants. Judgment entered thereon. Motion for new trial overruled. This appeal is taken from the order overruling motion for new trial, and from judgment.

The facts, as shown by the record, are substantially as follows: On or about the eleventh day of May, 1891, the de-

fendants and certain other parties purchased of one Bennett a certain stallion, for the agreed price of $2,000, said purchasers giving their notes therefor, among which notes was the one sued upon in this action. Before maturity, the note in suit was sold and transferred to the plaintiff. It is contended by defendants that there was fraud in the inception of the note, and that, such fact being established by the proofs, it was in‑ cumbent upon the plaintiff to show that it was an innocent holder of the note, to wit, that it purchased the note for value, before due, without notice of fraud.

If, as is attempted to be shown by defendants, the horse was not as represented, or that they were fraudulently induced to purchase him, and the defendants had repudiated the sale upon such ground, and returned or attempted to return the horse, their contention might have some claim to recognition; but to retain the horse for nearly two years, and then claim fraud in the purchase, is, we think, an unwarranted assumption. We might, perhaps, properly leave the case here; but as it is contended by defendants that plaintiff had notice of the fraud claimed, and as the decision in this case is to be accepted upon this point in other cases, we will proceed to consider the contention of defendants upon this question.

Robert Scott testifies as follows (by deposition) : "Q. 1. What is your name and where do you reside? A. My name is Robert Scott, and I reside at Wamego, Kansas. Q. 2. Where did you reside during the years 1891, 1892, 1893, and 1894? A. In Wamego, Kansas. Q. 3. Are you acquainted with the firm of E. Bennett & Son, of Topeka, Kansas? If so, how long have you known them? A. Yes. I have known them about fifteen years. Q. 4. Did you, as cashier of the First National Bank of Wamego, Kansas, or any of the officers of said bank, at any time during the years 1891, 1892, 1893, and 1894, purchase for a valuable consideration, in the ordinary course of business, and before maturity, from the said E. Bennett & Son, three promissory notes, of which the following are copies? [Here follow copies of the notes admitted by defendants.] A. Yes, in this way: In the year 1891, I, as cashier of the said First National Bank of Wamego, Kansas, and before the maturity of said notes, received said notes as

the property of said bank, they and a certain mortgage securing them being then and there indorsed and delivered by E. Bennett & Son to said bank as collateral security, and in the ordinary course of business. At all times since, the said bank has been the owner and holder of said notes. Q. 5. From whom did you purchase the said notes, and what was the price paid for them? A. From E. Bennett & Son, and the price was as stated in my last preceding answer. Q. 6. Have you ever had any notice, actual or constructive, of any fraud perpetrated by E. Bennett & Son. or their agents, in the inception of the said notes? A. None whatever. Q. 7. Did you, or any officer of your bank, purchase the said notes in good faith, and are you the owners and holders of the said notes at the present time? A. The notes came into the possession of the bank in the manner I have heretofore stated, and since the said time the said bank has been, and still is, the owner and holder of said notes. Q. 8. Has E. Bennett & Son any interest in the said notes at the present time, or have they had any since the date of your purchase? A. None whatever." It is claimed by defendants that this evidence is insufficient to establish the purchase of the note by plaintiff before maturity, for a valuable consideration, without notice of fraud. We cannot agree with this contention. We can scarcely conceive how it could be more complete. The evidence of Mr. Scott was not only undisputed, but no attempt was made to dispute it. He was not even subjected to a cross-examination. Our conclusion, after a careful examination of the record, is that no fraud was shown in the original purchase, and the plaintiff is clearly shown to be an innocent purchaser of the note, for value, without notice. The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with this opinion.